# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ALAN R. SIZMUR and ANGELES SIZMUR | : : | CIVIL ACTION |
| **Plaintiffs,** | : : | |
| vs. | : : | NO. |
| DAIMLER BENZ AG, MERCEDES BENZ MERCEDES BENZ USA | : : : | |
| **Defendants** | | |

## I.

## JURISDICTION AND VENUE

1.  Plaintiffs are citizens of the State of New Jersey. Each defendant is a citizen of a foreign nation or of a state or jurisdiction other than the State of New Jersey, and have their principal places of business in the United States in a state or jurisdiction other than the State of New Jersey. The amount in controversy, other than interest or costs, exceeds the sum of Seventy-Five Thousand Dollars ($75,000). Venue lies in this Judicial District pursuant to Title 28 United States Code Section 1391, in that a substantial part of the events or omissions giving rise to the claims asserted herein occurred in Lancaster County, Pennsylvania and elsewhere within this District.

## II

## FACTUAL STATEMENT

2.  On or about March 30, 2016, plaintiff, Alan R. Sizmur (hereafter "Alan") leased a new Mercedes Benz automobile, fully equipped, together with the "Platinum Plus Vehicle Protection Plan", and a "Deluxe Road Hazard Tire Plan", each at an additional monthly cost for

36 months. The vehicle contained an Owners Manual describing in great detail the structural, mechanical, and electrical features of the vehicle together with operational material and emergency procedures in case the vehicle was disabled. Significant to the causes of action herein set forth, there is no mention of the vehicle being disabled due to a flat tire. There is no mention of a spare tire either.

      3.      Alan had been leasing Mercedes Benz automobiles for many years. Accordingly, both plaintiffs had a reasonable expectation of competence and safety.

      4.      On or about September 28, 2016, plaintiffs were traveling in Lancaster County, Pennsylvania with two friends in the leased Mercedes Benz automobile when a tire became flat disabling the vehicle. Alan called for roadside assistance but was told none was available on a Sunday night. Alan inquired about the spare tire. He was then informed that the vehicle did not have a spare tire or even a "donut". Alan inquired about the "Deluxe Road Hazard Tire Plan" and was told that no assistance was available until the next day.

      5.      Based upon the foregoing Alan and Angeles and their two friends were directed to a motel to spend the night. They had no change of clothes, toothbrushes, toothpaste, etc.

      6.      After being rescued and contacting the dealer where he had leased the vehicle, Alan was told that the manufacturer had eliminated spare tires or donuts, and that the vehicle could "run flat" for up to fifty miles. He was told that it would not be advisable to store a spare tire in the back because in case of an accident the weight of the spare tire could injure the driver or passenger, and that there was no room in the trunk for a spare tire.

      7.      Thereafter, the same incident occurred at the Jersey shore. Alan and Angeles suffered anxiety when operating the Mercedes Benz.

      8.      Accordingly, Alan returned the vehicle to the dealer who contacted the

defendants.

9. Notwithstanding, the events described herein, the extra charges for the "Platinum Plus Vehicle Protection Plan" and the "Deluxe Road Hazard Tire Plan" plaintiffs were denied any compensation or other relief, and were held responsible for all charges for the balance of the unexpired term of the lease

10. Alan consulted counsel who read the entire Owners Manual where there is no mention of a flat tire, no reference to "Run Flat for up to 50 miles", no spare tire or donut.

11. As a direct result of the foregoing, Alan and Angeles leased a Lincoln automobile, and were thereby required to make two lease payments each month until the Mercedes Benz lease expired.

### III

### COUNT ONE: BREACH OF CONTRACT

12. Plaintiffs leased a luxury automobile from the defendants, manufacturers/ distributors through their agent, servant and representative, Mercedes Benz of Cherry Hill.

13. The decision to eliminate a spare tire or donut was made by the defendant manufacturers/distributors to increase profit and was accomplished covertly by concealing the information from the Owners Manual and from all other sources of information about the vehicle. This was especially damaging to longtime leasing customers like plaintiffs who had a reasonable expectation of safety.

14. Defendants thereby committed a breach of contract by omission, as a result of which plaintiffs suffered monetary damages as well as physical and psychological injuries, previously alleged.

3

WHEREFORE, plaintiffs demand damages of and from the defendants, individually, jointly and severally in an amount in excess of the sum of One Hundred Thousand Dollars, interest and costs.

IV

**COUNT TWO: DECEPTIVE PRACTICES**

15. Plaintiffs repeat, reallege and incorporate by specific reference the preceding allegations of this Complaint.

16. The conduct complained of violated the law of the forum: the New Jersey Unfair Trade Practices and Consume Protection Law, the Pennsylvania Unfair Trade Practices and Consumer Protection Law, as well as similar laws of the State of New Jersey and Pennsylvania, for which plaintiffs seek three times damages, counsel fees, and injunctive relief proscribing similar deception in the future, and that defendants' owners' manuals be required to disclose that there is no spare tire or donut, should that practice continue and continue to be concealed from prospective owners and lessees; further that "RUN FLAT" as an option for up to fifty miles be prominently disclosed with appropriate cautionary information.

WHEREFORE, plaintiffs request entry of judgment of and from the defendants, individually, jointly and severally for three times damages and injunctive relief, together with costs and reasonable counsel fees.

V

**COUNT THREE- MANUFACTURING DEFECT/PRODUCT LIABILITY**

17. Plaintiffs repeat, reallege and incorporate by specific reference, the averments of paragraphs "1" through "14", inclusive.

18. Defendants placed in commerce a defective and dangerous product that created a

risk of serious bodily injury, as a result of which plaintiffs suffered anxiety and emotional stress.

19. Plaintiffs were required to pay for two leased vehicles, a Lincoln and the Mercedes Benz when one automobile satisfied their needs.

**WHEREFORE**, PLAINTIFFS DEMAND COMPENSATORY DAMAGES OF AND FROM THE DEFENDANTS.

/s/ *Roderick L. Foxworth*
Roderick L. Foxworth, Jr., Esquire
*Attorney for Plaintiff*
P.O. Box 13363
Philadelphia, PA 19101
Phone (610) 908-2779