[Docket No. 11]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |
|---|---|
| ALAN R. SIZMUR and ANGELES SIZMUR,<br><br>Plaintiffs,<br><br>v.<br><br>DAIMLER BENZ AG, *et al.*,<br><br>Defendants. | Civil No. 22-05725 (RMB/MJS)<br><br>**OPINION** |

**APPEARANCES:**

TMB ESQUIRE, LLC
By: Roderick L. Foxworth, Jr.
P.O. Box 13363
Philadelphia, Pennsylvania 19101

*Attorneys for Plaintiffs Alan R. Sizmur & Angeles Sizmur*

SHOOK, HARDY & BACON L.L.P.
By: Joseph H. Blum
Two Commerce Square
2001 Market Street, Suite 3000
Philadelphia, Pennsylvania 19103

*Attorneys for Defendant Mercedes-Benz USA, LLC*

**RENÉE MARIE BUMB, Chief United States District Judge:**

At some point in life, everyone will experience a flat tire. Plaintiffs Alan R. and Angeles Sizmur (the Sizmurs) are no exception. But after experiencing two flat tires on their leased Mercedes Benz, the Sizmurs had had enough. They are suing Defendants Mercedes Benz USA, LLC, Daimler Benz AG, and Mercedes Benz claiming the newly designed

Mercedes Benz had no spare tire, only "run flat" tires, and they were not told about it.[1] The Sizmurs claim Defendants breached the terms of the lease and violated several consumer protection laws by eliminating the spare tire from the luxury vehicle and not providing information on a spare tire in the vehicle's owner's manual. According to the Sizmurs, those omissions rendered their luxury automobile defective.

Defendant Mercedes Benz USA, LLC (MBUSA) moves to dismiss the Sizmurs' lawsuit, arguing: (1) this Court lacks jurisdiction to entertain their claims; and (2) their claims are time-barred. This Court agrees. As pled, the Sizmurs' complaint does not plausibly establish that this Court has subject matter jurisdiction or that even if it did, their claims are timely. Their claims are dubious, untimely, and as currently pled, do not belong in federal court. Accordingly, this Court will **GRANT** MBUSA's motion to dismiss. [Docket No. 11.] Although reluctant to do so, the Court dismisses the Sizmurs' complaint **WITHOUT PREJUDICE** and will allow them to amend their complaint if they can allege in good faith non-frivolous allegations to support their claims.

I.   BACKGROUND

In March 2016, Plaintiff Alan R. Sizmur (Alan) leased a new Mercedes Benz automobile (the Mercedes) from Mercedes Benz of Cherry Hill (the Lease).[2] [Compl. ¶¶ 2, 12 (Docket No. 1).] The essence of the Sizmurs' case appears to be, not the terms of the Lease, but the fact that the Mercedes' owner's manual never mentioned the car lacked a spare tire or provided information to address a flat tire. [*Id.* ¶ 2.]

---

[1] A "run flat" tire has specific technology designed to allow a motorist to drive a limited distance after experiencing a puncture in the tire or reduced tire pressure.
[2] The Complaint is devoid of any allegation that Plaintiff Angeles Sizmur signed the Lease, and the Sizmurs have not annexed a copy of the Lease to the Complaint.

On September 28, 2016, the Sizmurs experienced a flat tire while driving the Mercedes with some friends. [*Id.* ¶ 4.] Alan called for roadside assistance and was informed none was available until the next day and that the new Mercedes did not come with a spare tire. [*Id.*] The Sizmurs and their passengers were stranded and forced to stay overnight at a motel. [*Id.* ¶ 5.] Alan then contacted the dealer he leased the Mercedes from and learned that the manufacturer had in fact eliminated the spare tire from the Mercedes but that the vehicle's tires could "run flat" for up to fifty miles. [*Id.* ¶ 6.] Sometime later, the same Mercedes got another flat tire while at the Jersey Shore. [*Id.* ¶ 7.] This flat tire caused the Sizmurs to "suffer[] anxiety" when driving the Mercedes.[3] [*Id.*]

That second flat tire was it for the Sizmurs. They returned the vehicle with months remaining on the Lease and obtained a Lincoln automobile. [*Id.* ¶¶ 8, 11.] Despite returning the Mercedes, the Sizmurs still paid the remaining balance of the Lease, thus they paid on the Mercedes' and Lincoln's leases until the Lease expired.[4] [*Id.* ¶ 11.]

Six years after the Sizmurs leased the Mercedes and experienced their first flat tire, they sued Defendants Daimler Benz AG, MBUSA, and Mercedes Benz for, among other things, breach of contract and consumer fraud. The Sizmurs allege Defendants' elimination of the spare tire and failure to include information in the Mercedes' owner's manual about the lack of a spare tire constitutes a breach of the lease and deceptive trade practices under New Jersey's and Pennsylvania's consumer protection laws.[5] [*Id.* ¶¶ 12–16.]

---

[3] It is not clear to the Court what exactly the Sizmurs are alleging caused their supposed anxiety: driving the Mercedes they now knew had no spare tire, or getting a flat tire when they had no spare tire? Because the Sizmurs knew the Mercedes did not have a spare tire at the time of the second flat tire, their purported anxiety must be what anyone who has experienced a flat tire must have felt.
[4] It is also unclear to the Court why the Sizmurs continued to pay the Lease if the Mercedes was defective as they claim.
[5] The Sizmurs also brought a product liability claim but have conceded that claim is time-barred and agreed to voluntarily dismiss it. [Docket No. 7.]

Defendant MBUSA moves to dismiss the Sizmurs' complaint arguing: (1) this Court lacks subject matter jurisdiction to entertain this case because there is no legal certainty that the Sizmurs can recover over $75,000—the threshold amount in controversy needed to confer jurisdiction; and (2) the Sizmurs' claims are all time-barred. [MBUSA's Mem. of Law in Support of Mot. to Dismiss (Def. Br.) 4-9 (Docket No. 11-1).]

II.     **LEGAL STANDARDS**

Federal Rule of Civil Procedure 12(b)(1) authorizes a court to dismiss a complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Subject matter jurisdiction challenges under Rule 12(b)(1) are either facial or factual. *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012). Facial challenges contest the sufficiency of the pleadings and require a court to consider only "the allegations of the complaint and the documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *Id.* (quoting *Gould Elec. Inc. v. U.S.*, 220 F.3d 169, 176 (3d Cir. 2000)). Factual challenges contest the allegations in the complaint and "the court may consider evidence outside the pleadings." *Gould Elec.*, 220 F.3d at 176. The burden of persuasion lies with the party invoking federal jurisdiction. *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006).

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss a complaint if the plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The party seeking dismissal of the complaint must show it fails to state a claim. *Lesher v. Zimmerman*, 822 F. App'x 116, 119 (3d Cir. 2020). When reviewing a motion to dismiss, courts must accept the complaint's factual allegations as true and afford the plaintiff "every favorable inference to be drawn therefrom." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir.

2011) (quoting *Kulwicki v. Dawson*, 969 F.2d 1454, 1462 (3d Cir. 1992)). Courts will dismiss a complaint if the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Nor will courts accept "legal conclusions" as true, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *see also Malleus*, 641 F.3d at 563.

## III. DISCUSSION

### A. WHAT IS NOT AT ISSUE

To avoid dismissal, the Sizmurs have thrown several allegations before the Court that are not included in their complaint. [Sizmurs' Opp'n Mem. of Law (Pls' Opp'n Br.) 6 (Docket No. 12).] This violates the bedrock principle that a plaintiff cannot amend his complaint through arguments in his briefs in opposition to a motion to dismiss. *Pennsylvania ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." (alteration in original) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984))); *see also Frederico v. Home Depot*, 507 F.3d 188, 201 (3d Cir. 2007) ("[W]e do not consider after-the-fact allegations in determining the sufficiency" of a complaint.). Their opposition raises new allegations (some legal conclusions) that find no home in the complaint:

- The Sizmurs' argument that the operative contracts are the "Platinum Plus Vehicle Protection Plan" and the "Deluxe Road Hazard Tire Plan." [Pls.' Opp'n, 6.]

- The Sizmurs' argument that the breach was the "repeated intentional and willful breach of the contracts by failing to provide roadside assistance by way of towing, or tire repair, or tire replacement." [*Id.*]

5

Because those allegations are not within the complaint, the Court must disregard them.

### B. SUBJECT MATTER JURISDICTION

To establish diversity jurisdiction, the party seeking jurisdiction must demonstrate complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a). To justify dismissal for failure to meet the amount in controversy requirement, it must appear to a "legal certainty" that the claim will not meet the jurisdictional minimum. *St. Paul Indem. Co. v. Cab Co.*, 303 U.S. 283, 289 (1938). Establishing the amount in controversy requires more than "wishful amounts," *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 403 (3d Cir. 2004), or "opaque calculations devoid of sufficient explanation," *Wilder v. Roma Food Entrs., Inc.*, 2015 WL 6164032, at *4 (D.N.J. Oct. 19, 2015). To determine whether a claim exceeds the required amount in controversy, courts must examine the "'value of the rights being litigated,' . . . or 'the value of the object of the litigation.'" *Hobson v. Double Tree Suites by Hilton Philadelphia*, 2021 WL 3260850, at *3 (D.N.J. July 30, 2021) (quoting *Angus v. Shiley, Inc.*, 989 F.2d 142, 146 (3d Cir. 1993) and *Hunt v. Wash. State Apple Advers. Comm'n*, 432 U.S. 333, 347 (1977)). The party invoking federal jurisdiction must show by the preponderance of evidence that the amount in controversy exceeds $75,000. *Auto-Owners Ins. Co. v. Stevens & Ricci Inc.*, 835 F.3d 388, 395 (3d Cir. 2016).

After reviewing the complaint in the light most favorable to the Sizmurs, the Court is convinced they cannot recover more than $75,000. The Sizmurs seek over $100,000 in damages, but their complaint lacks allegations to support the claimed damages. [Compl. ¶¶ Wherefore Clauses.] Besides the two flat tires and their allegations of being stranded and forced to stay overnight at a motel for the first flat tire, see Compl. ¶¶ 4-7, the complaint

contains no other allegations on how they were impacted or harmed by Defendants' apparent industry-wide decision to remove the spare tire from the Mercedes. They have also alleged no facts showing how not having a spare tire (or including information on a spare tire in the vehicle's owner's manual) rendered the Mercedes defective or unsafe to operate. Still, the Sizmurs seek to collect $40,000 for the rest of the Lease since the Mercedes was "[d]efective" because of the failure to include a spare tire or information on it in the owner's manual. [Pls' Opp'n Br. at 6.] This is an unreasonable approach to calculate the amount in controversy. *See McLaughlin v. Volkswagen of Am., Inc.*, 2000 WL 1793071, at *3 (E.D. Pa. Dec. 6, 2000) ("Where an alleged defect relates to a discreet, modular, or incidental part of the vehicle (such as the tires, windshield wipers or stereo), it is unreasonable to use the purchase price as the baseline for measuring the amount in controversy."); *see also Dorian v. Bridgestone/Firestone*, 2000 WL 1570627, at *2-3 (E.D. Pa. Oct. 19, 2000) (finding amount in controversy unsatisfied and rejecting defendants' argument that the vehicle's purchase price is the baseline to determine the amount in controversy in a consumer fraud and breach of warranties action based on defective tires). The Sizmurs provide no information on the cost of replacement tires. And their "back-of-the-envelope" calculations in their opposition claiming $96,000 in damages, see Pls' Opp'n Br. at 6, are not "realistic." *Samuel-Bassett*, 357 F.3d at 403. Rather, those estimations are "fanciful, pie-in-the-sky, . . . wishful amounts." *Id.*

While courts must consider punitive and treble damages when determining the amount in controversy, *see Packard v. Provident Nat. Bank*, 944 F.2d 1039, 1046 (3d Cir. 1993), those damages do not bring the Sizmurs past the jurisdictional required amount in controversy because the Sizmurs' actual damages are unknown and their claimed actual damages are unrealistic. *Emrit v. Independent Music Awards*, 2014 WL 6804445, at *1 (D.N.J. Dec. 3, 2014)

7

("Even if [plaintiff] could succeed on his claims and receive punitive and treble damages, the Court cannot conceive of a realistic scenario in which [plaintiff] would be entitled to an amount exceeding $75,000."), *aff'd sub nom. Emrit v. Independent Music Awards, IMA*, 605 F. App'x 103 (3d Cir. 2015). Moreover, the Court will disregard the Sizmurs' punitive damages claim in the amount in controversy calculation because their complaint contains no allegations to support a punitive damages award such as malice or wanton conduct on Defendants' part. *Chucks, LLC v. Art Zulu, Inc.*, 2010 WL 11570153, at *1 (D.N.J. Mar. 25, 2010) (dismissing case for lack of subject matter jurisdiction and disregarding plaintiff's claim for punitive damages in the amount in controversy calculation because plaintiffs alleged no facts "that would support a finding of malice or wanton disregard on the part of [defendant]"). Thus, this Court will dismiss the action for lack of subject matter jurisdiction.

## C. FAILURE TO STATE A CLAIM

Even if the Sizmurs had met the amount in controversy requirement, the Court must still dismiss their complaint because they have failed to state a claim upon which relief may be granted.

### 1. Contract Claim

The Sizmurs' contract claim fails for two reasons: (1) they have not plausibly stated a breach of contract claim; and (2) the claim, as pled, is time-barred.

### a. **The Sizmurs have failed to plead a plausible breach of contract claim**.

To sustain a breach of contract claim, the Sizmurs must allege facts showing that: (1) they entered a contract with Defendants "containing certain terms," (2) they performed their contractual obligations; (3) Defendants breached the contract—that is, failed to perform its contractual obligations; and (4) they suffered damages because of Defendants' breach.

8

*Goldfarb v. Solimine*, 245 A.3d 570, 577 (N.J. 2021) (quoting *Globe Motor Co. v. Igdalev*, 139 A.3d 57, 64 (N.J. 2016)).

The Sizmurs' contract claim, as pled, is not plausible because they provide no information on the operative contract—the Lease. While their opposition characterizes the "Platinum Plus Vehicle Protection Plan" or the "Deluxe Road Hazard Tire Plan" (the Plans) as "contracts," see Pls' Opp'n Br. at 1, 4, they base their breach of contract claim in the complaint on the Lease, see Compl. ¶¶ 12-14. Other than mentioning their names, the Sizmurs have pled no facts about the Plans or how they are connected to the Lease. And their complaint contains no information on the Lease's treatment of the tires—for example, any warranties or representations. Furthermore, the Sizmurs have pled no facts showing "the decision to eliminate a spare tire or donut" or conceal "the information from the [Mercedes'] [o]wner [m]anual and all other sources of information about the vehicle" breached the Lease. [Compl. ¶ 13.] In short, the Sizmurs fail to cite to any provisions of the Lease that Defendants supposedly breached, and so, their breach of contract claim fails. *Weigel v. Prudential Annuities Life Assurance Corp.*, 2022 WL 2116841, at *6 (D.N.J. June 13, 2022) (dismissing breach of contract claim where the complaint failed to "cite any provision of [the] annuity contract that [defendant] allegedly breached"); *see also Premier Orthopaedic Assocs. of S. NJ, LLC v. Anthem Blue Cross Blue Shield*, ___ F. Supp. 3d ___, ___, 2023 WL 3727889, at *5 (D.N.J. May 30, 2023) (dismissing breach of contract claim where the complaint did not provide the relevant terms).

### b. As pled, the Sizmurs' contract claim is time-barred.

The Court agrees with MBUSA that the Sizmurs' breach of contract claim is time-barred. A "[d]efendant[] may raise a statute of limitations defense in a 12(b)(6) motion

to dismiss if 'the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations.'" *Perelman v. Perelman*, 545 F. App'x. 142, 149 (3d Cir. 2013) (quoting *Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002)). The time bar must be apparent on the face of the complaint to warrant dismissal. *Id.*

In New Jersey, a breach of contract claim is subject to a six-year statute of limitations. N.J. Stat. Ann. § 2A:14-1. That limitations period begins to run on the date of the breach. *21st Mortg. Corp. v. Chicago Title Ins.*, 2018 WL 6716081, at *4 (D.N.J. Dec. 21, 2018).

The Sizmurs claim Defendants breached the Lease by deciding to eliminate the spare tire and failing to include information about the elimination in the owner's manual. [Compl. ¶ 12–14.] By their own pleading, that alleged breach occurred when they entered into the Lease in March 2016—more than six years before commencing this action. [Compl. ¶ 2.] As pled, their breach of contract claim is untimely.

### 2. The Sizmurs' Unfair Trade Practices and Consumer Protection Law Claims

MBUSA argues the Sizmurs' deceptive practices claims are time-barred by the applicable statute of limitations. This Court agrees. As pled, the Sizmurs' claims under Pennsylvania's Unfair Trade Practices and Consumer Protection Law (UTPCPL) and New Jersey Consumer Fraud Act (NJCFA) are untimely.

### 1. As pled, the Sizmurs' UTPCPL claim is untimely.

The Sizmurs's UTPCPL claim appears to fall under the "catch-all" provision of the statute which prohibits "[e]ngaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding." 73 Pa. Cons. Stat. Ann. §§ 201-2(4)(xxi), 201-3(a). Claims under the "catch-all" provision fall within the statute's six-year statute of limitations period. *Morse v. Fisher Asset Mgmt., LLC*, 206 A.3d 521, 526 (Pa.

10

Super. 2019). That limitations period begins to run "as soon as the right to institute and maintain a suit arises[.]" *Lesoon v. Metropolitan Life Ins.*, 898 A.2d 620, 626 (Pa. Super. 2006) (internal quotation marks and citations omitted). Under Pennsylvania law, "[i]t is the duty of the party asserting a cause of action to use all reasonable diligence to properly inform him-[ ]or herself of the facts and circumstances upon which the right of recovery is based and to institute suit within the prescribed period." *Rodgers v. Lincoln Benefit Life Co.*, 845 F. App'x 145, 146 (3d Cir. 2021) (second alteration in original) (quoting *Gleason v. Borough of Moosic*, 15 A.3d 479, 484 (Pa. 2011)). Pennsylvania's discovery rule tolls a statute of limitations if an injured party, despite the exercise of reasonable due diligence, cannot know both the fact of the injury and its cause. *Carter v. Fitness Int'l, LLC*, 2021 WL 5132778, at *3 (W.D. Pa. July 7, 2021).

Here, the Sizmurs claim Defendants violated the UTPCPL by engaging in deceptive trade practices by eliminating the spare tire from the Mercedes and "concealing" information about its elimination from the vehicle's owner's manual. [Compl. ¶¶ 13, 15–16.] Setting aside the statute of limitations, the Court struggles to see how those allegations state a violation of the UTPCPL (or the NJCFA). As the best the Court can understand, the Sizmurs complain that Defendants failed to include in the Mercedes' owner's manual any information about something that was no longer part of the car. And while it may have been prudent for the dealer to tell the Sizmurs about the manufacturer's changes to the Mercedes' tire technology, there is a big difference between a deceptive trade practice under statutory consumer protection laws and a good business decision. *See Lisowski v. Henry Thayer Co., Inc.*, 501 F. Supp. 3d 316, 332 (W.D. Pa. 2020) (explaining that an act or practice is deceptive under the

11

UTPCPL "if it has the capacity or tendency to deceive" a consumer (quoting *Commw. by Shapiro v. Golden Gate Nat'l Senior Care, LLC*, 194 A.3d 1010, 1023 (Pa. 2018))).

Even if they state a claim under the UTPCPL (which the Court doubts), the alleged fraudulent conduct occurred in March 2016 when the Sizmurs' executed the Lease and took possession of the Mercedes. But they did not file suit until September 2022—more than six years after the UTPCPL's statute of limitations began to run. Thus, their UTPCPL claim is time-barred.

Moreover, Pennsylvania's discovery rule cannot save the Sizmurs' UTPCPL claim because if they exercised reasonable due diligence, they could have discovered their supposed injury—that the Mercedes did not come with a spare tire. Indeed, all the Sizmurs had to do was peruse the Mercedes' owner's manual or check the vehicle's trunk (the common storing location for spare tires). *Fine v. Checcio*, 870 A.2d 850, 858 (Pa. 2005) (explaining that "reasonable diligence" required for the discovery rule requires courts to ask what plaintiff "might . . . have known, by the use of the means of information within his reach, with the vigilance the law requires of him" (quoting *Scranton Gas & Water Co. v. Lackawanna Iron & Coal Co.*, 31 A. 484, 485 (Pa. 1895))).

### 2. As pled, the Sizmurs' NJCFA is also untimely.

The Sizmurs' NJCFA claim is also subject to a six-year statute of limitations. N.J. Stat. Ann. § 2A:14-1; *Deutsche Bank Nat'l Tr. Co. v. Powers*, 2018 WL 1569334, at *4 (N.J. Super. Ct. App. Div. Apr. 2, 2018). That "limitations period runs from the later of the time the alleged fraud occurred or the time it could have been discovered with reasonable diligence." *Rodrigues v. Wells Fargo Bank, N.A.*, 751 F. App'x. 312, 318 (3d Cir. 208).

Like their UTPCPL claim, they claim Defendants engaged in fraudulent deceptive practices under the NJCFA by eliminating the spare tire and "concealing" the information about the elimination from the Mercedes' owner's manual. [Compl. ¶¶ 13, 15–16.] Even assuming those allegations state a viable NJCFA claim (which the Court doubts), the claim is untimely. Again, the supposed fraudulent practices happened in March 2016 when the Sizmurs entered into the Lease, which is more than six years after they filed suit. Thus, their NJCFA claim is time-barred. The Sizmurs cannot seek refuge in New Jersey's discovery rule to save their untimely claim because they had ready access to information to apprise them of their supposed injury—the Mercedes' itself and the owner's manual. *Lockhart v. Dorrance Publ'g Co.*, 2023 WL 157323, at *5-6 (D.N.J. Jan. 11, 2023) (dismissing plaintiff's claims as time-barred and ruling plaintiff could not rely on discovery rule to toll the statute of limitations because plaintiff had ready access to information that would have apprised her of her claims). As pled, the Sizmurs' NJCFA claim is time-barred.

## IV.  CONCLUSION

For the above reasons, the Court **GRANTS** Defendant Mercedes Benz USA, LLC's motion to dismiss (Docket No. 11) and **DISMISSES** Plaintiffs Alan R. Sizmur's and Angeles Sizmur's complaint **WITHOUT PREJUDICE.** The Court will afford the Sizmurs 30-days to file an Amended Complaint to cure the deficiencies outlined above. If, however, the Court concludes the Amended Complaint's allegations are frivolous and the claims are barred by the applicable statute of limitations, the Sizmurs will have to show cause why the Court should not impose sanctions under Federal Rule of Civil Procedure 11.

An accompanying Order as of today's date shall issue.

**s/Renée Marie Bumb**
RENÉE MARIE BUMB
Chief United States District Judge

Dated: September 28, 2023